**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lehman Brothers Holdings. Inc., | |
| Plaintiff, | No. CV-12–02027-PHX-PGR |
| vs. | ORDER |
| The Lending Company, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to File Certain Documents Under Seal (Doc. 30). The documents at issue are Exhibits 2, 3, and 4 to the Affidavit of James A. Bloom and Exhibit 4 to the Affidavit of David Johnson, which were submitted in support of Defendant's Motion for Summary Judgment. The documents, which the plaintiff designated as "confidential," were produced to the defendant by the plaintiff under the terms of a confidentiality agreement which prohibits the public filing of documents designated as confidential.

The Ninth Circuit has made it clear that the party seeking to seal an attachment to a summary judgment motion bears the burden of overcoming the strong presumption in favor of public access to judicial records by articulating "compelling reasons supported by specific factual findings ... that outweigh the

general history of access and the public policies favoring disclosure." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir.2006). Although the defendant does not refer to the proper legal test for sealing summary judgment attachments[1], the Court finds that the motion should nevertheless be granted due to the nature of the documents at issue. As described by the defendant, the documents are properly subject to being sealed because they include various confidential information about non-party borrowers, such as loan numbers, names, addresses, and phone numbers, and family health and financial circumstances, including social security numbers, tax returns, bank account numbers, pay stubs, and household liabilities. The personal nature of such non-party information outweighs public policies favoring disclosure.

Also pending before the Court is Defendant's [Second] Motion to File Certain Documents Under Seal (Doc. 38), wherein the defendant seeks to file under seal Exhibit A to its Reply in Support of its Motion for Summary Judgment. The exhibit is an Assignment and Assumption Agreement, which the defendant requests be sealed solely because it was designated by the plaintiff as confidential under the terms of the parties' confidentiality agreement. The Court finds that this motion to seal should be denied because the defendant has failed to advance any reason for sealing that satisfies the "compelling reason" standard. The Court will, however, keep the document under seal for one month to permit the parties to comply with the requirements of LRCiv 5.6(d). If no properly supported motion to seal is timely filed, the Court may enter an order making the document part of the public record.

---

[1] The defendant also has not complied with LRCiv 5.6(d), which sets forth the requirements for filing a document designated as confidential by another party.

Therefore,

IT IS ORDERED that Defendant's Motion to File Certain Documents Under Seal (Doc. 30) is granted and that the Clerk of the Court shall maintain under seal Exhibits 2, 3, and 4 to the Affidavit of James A. Bloom and Exhibit 4 to the Affidavit of David Johnson (Lodged Doc. 31).

IT IS FURTHER ORDERED that Defendant's [Second] Motion to File Certain Documents Under Seal (Doc. 38) is denied without prejudice to a properly supported motion to seal being filed in accordance with LRCiv 5.6(d) no later than **June 10, 2013**. The Clerk of the Court shall maintain lodged document 39 under seal until further order of the Court.

DATED this 8th day of May, 2013.

Paul G. Rosenblatt
United States District Judge